Michele Ballard Miller (SBN 104198)
mbm@millerlawgroup.com
Adam J. Tullman (SBN 235694)
ajt@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
XEROX CORPORATION

Elizabeth L. Riles (SBN 197411)
BOHBOT & RILES, LLP
1814 Franklin Street, Suite 800
Oakland, CA 94612
Tel. (510) 273-3111

Attorney for Plaintiffs
SAKEENAH MCCULLOUGH and
DANIEL GUNTHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAKEENAH MCCULLOUGH and DANIEL GUNTHER<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION, a corporation, and DOES One through Thirty-five, inclusive,<br><br>Defendant. | Case No.: 3:13-cv-04596 JSW<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Complaint filed: June 27, 2013<br>First Amended Complaint filed: July 26, 2013 |

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER
Case No. 3:13-cv-04596 JSW

1  For the reasons set forth below, the parties to this action and their respective counsel believe that good cause exists for entry of a protective order, which will govern the production of certain documents and provision of certain categories of deposition testimony during discovery in this action. Therefore, through their respective attorneys of record, Plaintiffs Sakeenah McCullough and Daniel Gunther and Defendant Xerox Corporation hereby stipulate to the following protective order for the purpose of preventing unnecessary disclosure or inappropriate use of confidential, business sensitive, proprietary and/or trade secret information contained in certain documents, deposition testimony or discovery responses provided during the course of this lawsuit.

1. During this action, one or more parties may produce certain documents, provide written discovery responses and/or provide or elicit deposition testimony containing medical records or information, confidential, highly sensitive, proprietary and/or trade secret business information, including information concerning, among other things, the identity, contacts, proposals and requirements of Xerox customers, internal Xerox policies and procedures, pricing of Xerox products and services, compensation data and formulas, strictly internal investigation protocols or findings, nonpublic financial data, employment and financial information regarding non-parties, and sales or marketing plans or strategies (hereinafter collectively referred to as "Confidential Information").

2. With respect to documents produced by a party which contain Confidential Information, that party or its counsel may stamp or otherwise label that document with the word "Confidential" prior to production, which shall render that document and the information contained in it subject to this protective order. For documents containing particularly sensitive confidential, proprietary or trade secret information whose disclosure could cause competitive or other serious injury to the producing party, the producing party may stamp or otherwise label that document with the words "Confidential-Attorneys' Eyes Only," which shall render that document and the information contained in it

subject to this protective order. Stamping or otherwise marking "Confidential" or "Confidential-Attorneys' Eyes Only" on the first page of any multipage document shall automatically designate all pages of the document as subject to this protective order, unless otherwise expressly indicated by the party producing that document. With respect to written discovery responses provided by a party which contain Confidential Information, either that party or its counsel may designate a particular response as containing such information by stamping or otherwise marking the word "Confidential" or "Confidential-Attorneys' Eyes Only" on the page or pages containing that discovery response or by explicitly stating within the response itself that the information contained therein is confidential and subject to a protective order. Either of those designations shall render that entire response subject to this protective order.

3. At any deposition in this action, a party and/or its counsel may designate particular testimony containing Confidential Information as "Confidential" or "Confidential-Attorneys' Eyes Only" and therefore subject to the terms of this protective order. In the event a party or its counsel makes such a designation, the court reporter shall on each page of the transcript containing such designated testimony include the statement "Confidential - Subject To Protective Order," or the statement "Confidential-Attorneys' Eyes Only - Subject To Protective Order." All deposition testimony of a witness which is designated "Confidential" shall be contained in a separate transcript, the first page of which shall bear the legend "Confidential - Subject To Protective Order," or the legend "Confidential-Attorneys' Eyes Only - Subject To Protective Order." At the time of a designation of testimony as "Confidential-Attorneys' Eyes Only", any person in the room who is not permitted to receive information designated as "Confidential-Attorneys' Eyes Only" pursuant to paragraph 4, will leave the deposition for the duration of the designated testimony.

4. Any document, information or testimony designated as "Confidential" shall not be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Moreover, such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) counsel of record for the parties in this action; (b) persons regularly employed by the law firm representing plaintiff and/or the firm representing defendants; (c) court reporters transcribing testimony of witnesses in this action; (d) court personnel in connection with the performance of their responsibilities relative to this action; (e) expert witnesses and consultants retained for the purpose of assisting counsel for a party in defending or prosecuting this action; (f) one or more of the parties themselves (including in-house counsel and their staff); or (g) a witness at deposition to the extent he/she agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony. However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which that party or its own counsel has designated "Confidential."

5. Any document, information or testimony designated as "Confidential-Attorneys' Eyes Only" shall not be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Moreover, such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) the attorneys of record in this case, (b) employees of those attorneys actively involved in the prosecution or defense of this action, (c) in-house counsel and their staff, (d) court reporters transcribing deposition testimony in this action, (e) independent experts and consultants retained by a party, and (f) a witness at deposition who agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony. The receiving

party shall not receive, be informed of, or have access to Confidential - Attorneys' Eyes Only documents, information or testimony except pursuant to the prior written consent of the producing party or by Court Order. However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which that party or its own counsel has designated "Confidential" or "Confidential-Attorneys' Eyes Only."

6. Prior to receiving Discovery designated as "Confidential-Attorneys' Eyes Only," each person, including counsel, shall sign an acknowledgment that they have read and agree to abide by this Order. Third-party experts and consultants shall affirm that they have been retained by counsel for a party to this litigation and are not otherwise employed by or affiliated with any party or any competitor of any party. The receiving party's counsel shall maintain the original signed acknowledgments, and upon request by counsel for the producing party shall be provided to the producing party's counsel.

7. Any person to whom delivery, exhibition or disclosure is made of any document, information or testimony described in paragraphs 2 or 3 above shall be subject to the provisions of this protective order. Prior to delivery, exhibition or disclosure of covered documents/information/testimony to the persons qualified to receive it/them under paragraphs 4 and/or 5, counsel for the party making disclosure shall provide each such person a copy of the protective order and shall secure from that person a signed confidentiality acknowledgement in the form attached hereto as Exhibit A. That acknowledgement shall state that the person receiving or seeing the covered document/information/testimony has read this order, that he/she may not and shall not divulge any document, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" except in strict accordance with the terms and conditions of this order and that he/she will not utilize any document, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" for any purpose other than in connection with the prosecution or defense of this lawsuit. All originals of signed

confidentiality acknowledgements shall be maintained by counsel for the party responsible for making the disclosure and shall be made available to the producing party's counsel upon reasonable request. However, nothing herein shall require a disclosing party or its counsel to obtain a signed confidentiality acknowledgement prior to submitting documents/information/testimony to witnesses at either trial or during a deposition.

8. Any party or counsel who files or intends to file a paper or other document with the Court which reflects, contains or includes any document/information/testimony designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by an opposing party or that party's counsel pursuant to the terms of this protective order, including any copies, reproductions, abstracts, summaries or quotations of or from such document/information/testimony, shall make an application to the judge to whom the papers are directed to have that particular document/information/testimony filed under seal pursuant to Local Rule 79-5.1, or in the alternative shall conspicuously label all pages of the document itself as "Confidential – Subject to Protective Order."

9. Nothing herein shall prevent any party from bringing an appropriate motion upon regular notice before the Court, in strict compliance with Local Rules 37-1 and 37-2, to have a "Confidential" or "Confidential-Attorneys' Eyes Only" designation of a document/information/testimony lifted in whole or in part or to determine whether the use or disclosure of such document/information/testimony should be restricted other than in accordance with this protective order. Furthermore, nothing herein shall affect any party's right to make a formal motion upon regular notice to the Court for a protective order pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules with regard to any particular document/information/testimony, including for the purpose of seeking restrictions greater than those specified herein.

10. Within 60 days from the final termination of this action, including any appeals, the parties and their counsel shall either (1) return all materials designated "Confidential" or "Confidential-Attorneys Eyes Only," together with any and all copies, summaries and excerpts thereof, to counsel for the party producing such materials or (2) destroy all such materials and copies thereof and certify in writing to the counsel for the party producing such materials that they have been destroyed. In accordance with this paragraph, the parties and their counsel shall also return to counsel or destroy all extracts or summaries of documents/information/testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only," except for those materials which in the reasonable, good faith judgment of counsel constitute attorney work product.

11. If a party or its counsel inadvertently permits the production or disclosure of documents or testimony containing Confidential Information without designating it confidential in accordance with this protective order, that party or its counsel may thereafter designate the material as "Confidential" or "Confidential-Attorneys' Eyes Only" by identifying the specific document/testimony in a letter to opposing counsel and at that time designating it accordingly. From the date of receipt of any such letter, the party/counsel which has received the document/testimony shall treat it in accordance with the terms of this protective order, subject to further direction from the Court.

12. The obligations of confidentiality contained in this protective order shall remain effective following the termination of the action and the Court shall retain jurisdiction to enforce all provisions of this order as well as to remedy any violation of it. In addition, the Court shall at all times have jurisdiction to resolve any dispute which may arise under the terms of this protective order upon a regularly noticed motion, including but not limited to issues concerning whether some document/testimony has been improperly designated.

13. The designation of any document, information or testimony shall not be construed as an admission of relevance or admissibility. This order may only be introduced into evidence by a party in connection with a motion or other proceeding to enforce the terms or obtain clarification of this order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 19, 2014

BOHBOT & RILES, LLP

By: _____
Elizabeth L. Riles
Attorneys for Plaintiffs
SAKEENAH MCCULLOUGH and DANIEL GUNTHER

Dated: May 19, 2014

MILLER LAW GROUP
A Professional Corporation

By: _____
Adam J. Tullman
Attorneys for Defendant
XEROX CORPORATION

The parties are admonished that all future stipulations and requests for Court Orders shall be accompanied by a proposed order.

Dated: May 28, 2014

APPROVED
Judge Jeffrey S. White
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

7
STIPULATION FOR ENTRY OF PROTECTIVE ORDER
Case No. 3:13-04596 JSW

## EXHIBIT A TO PROTECTIVE ORDER

I acknowledge that I have received, carefully read and fully understand the protective order entered by the Court in this matter. I agree to at all times strictly comply with all terms of that order and understand that any violation of that order may subject me to sanctions by the Court, including possible contempt.

Dated: _____, 2014.

_____

4811-4374-1210, v. 2