UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAKEENAH MCCULLOUGH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION,<br><br>    Defendant. | Case No. 13-cv-04596-HSG<br><br>**ORDER DENYING RELIEF FROM PARTIAL SUMMARY JUDGMENT; VACATING PRETRIAL AND TRIAL DATES; SETTING FURTHER STATUS CONFERENCE**<br><br>Re: Dkt. No. 67, 83 |

Before the Court is Plaintiff Sakeenah McCullough's ("Plaintiff") Motion for Relief from Partial Summary Judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 83 ("Mot."). Plaintiff asks the Court to relieve her from its October 2, 2015, order granting partial summary judgment in favor of Defendant Xerox Corporation ("Defendant") with respect to her state-law claims under California's Fair Housing and Employment Act (Cal. Gov't Code § 12920, *et seq.*) ("FEHA"). *See* Dkt. No. 73 ("MSJ Order"). Plaintiff concedes that the Court properly found her FEHA claims time-barred, but requests that the Court excuse their untimeliness under Rule 60(b).

Pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), this motion is deemed suitable for disposition without oral argument, and the hearing scheduled for December 10, 2015, is therefore vacated. The Court has carefully considered the parties' written submissions and hereby **DENIES** Plaintiff's Rule 60(b) Motion for Relief. That said, for the reasons set forth below, the Court would entertain a motion from Plaintiff under N.D. Cal. Civil Local Rule 7-9 for leave to file a motion for reconsideration of the MSJ Order, on the sole basis that the materials Plaintiff submitted with her reply, Dkt. No. 91-1, may demonstrate that equitable tolling of the statute of limitations for her facially time-barred FEHA causes of action was warranted. In light of this potential for further motions practice, the Court also modifies the case schedule as set forth

herein.

I.  **BACKGROUND**

On October 2, 2015, the Court granted in part Defendant's motion for summary judgment against Plaintiff with respect to her FEHA claims because they were facially time-barred. *See* MSJ Order at 11-14 (explaining that Plaintiff failed to file her FEHA claims within the statutory window triggered upon receipt of a March 22, 2013, right-to-sue letter from the California Equal Employment Opportunity Commission ("EEOC") that exhausted her administrative remedies).

Plaintiff does not now challenge that finding. Mot. at 2 ("Plaintiff's FEHA claims were filed past the applicable statute of limitations[.]"). Instead, Plaintiff contends that an unfortunate series of events should excuse that untimeliness. First, Plaintiff's counsel was on vacation when the EEOC letter arrived at her office. Dkt. No. 83-1 ¶¶ 2-3. Plaintiff, for her part, admits she received a duplicate copy of the letter at her home, but relied on her counsel to act upon it. Dkt. No. 83-2 ¶ 2. Second, upon receipt, Plaintiff's counsel misread the date on the EEOC letter, giving her the mistaken impression that she had five extra days to file her client's complaint with respect to the FEHA claims. Dkt. No. 83-1 ¶¶ 3-4. Third, after Plaintiff's counsel submitted the complaint by Federal Express via Standard Overnight[1] to the San Francisco Superior Court, the state court from which this action was removed, the clerk of that court "inexplicably" took eight days to file the complaint upon receipt. *Id.* ¶ 5; Dkt. No. 90 at 2-3; Dkt. No. 90-1 ¶ 1 & Exs. 6 & 7. As a result, Plaintiff's FEHA causes of action, which would have been timely had the state court filed the complaint within several days of the purported delivery, were facially time-barred.

Plaintiff contends that her counsel's mistake, inadvertence, and excusable neglect in misreading the date upon returning from vacation qualifies her for relief under Rule 60(b)(1).[2]

---

[1] In Plaintiff's motion, she asserted that her counsel filed the complaint by regular mail. Dkt. No. 83-1 ¶ 5. In her reply, however, she now asserts that her counsel filed the complaint by Federal Express via Standard Overnight based on discovery of a receipt. Dkt. No. 90-1 ¶ 1 & Exs. 6 & 7.
[2] Plaintiff initially argued that she also qualified for relief under Rule 60(b)(1) because her counsel acted with excusable neglect when she submitted the complaint by regular mail within days of the limitations deadline. Mot. at 2. In reply, as explained above, Plaintiff argues that her counsel did in fact submit the complaint by overnight FedEx. Dkt. No. 90 at 2-3. For that reason, the Court assumes her original argument is withdrawn, and this Order does not rely on that argument in any event.

2

1    Additionally, Plaintiff contends that the failure of the state court to receive or file her complaint in
2    a timely manner was beyond her control, qualifying her for relief under the catchall provision of
3    Rule 60(b)(6). Defendant responds that there is no authority to support the claim that Rule 60(b)
4    can revive time-barred claims; that can only be accomplished through the doctrine of equitable
5    tolling. Dkt. No. 89 at 5. And, because Plaintiff did not raise these arguments in her opposition to
6    summary judgment under the guise of equitable tolling, Defendant argues, she has forfeited the
7    possibility of reviving her indisputably time-barred FEHA claims. *Id.* at 5-6.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b), in relevant part, provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The standards for relief governing Rule 60(b)(1) and Rule 60(b)(6) are conceptually and analytically distinct, and the Court addresses them in turn.

To determine whether the error of a party or its counsel qualifies for relief under Rule 60(b)(1), district courts in this circuit conduct an equitable analysis that focuses on four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation omitted); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (holding that *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993), governs Rule 60(b)(1) analysis).[3] The ultimate decision whether to grant a Rule 60(b)(1) motion, however, lies within "the sound discretion of the district court." *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

While Rule 60(b)(6) encompasses "any other reason that justifies relief," the standard is very demanding. "To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary

---

[3] Although mistake, inadvertence, and surprise are listed as separate justifications for relief under Rule 60(b)(1), where any such claims are grounded in the error of a party or its counsel, courts in this circuit generally consider the same *Pioneer-Briones* factors. *See e.g.*, *Lemoge*, 587 F.3d at 1192 (considering a party's "good-faith mistake" as part of its excusable neglect analysis); *March v. Zaazoom Sols., LLC*, No. 11-cv-05226, 2014 WL 4793034, at *3 (N.D. Cal. Sept. 25, 2014) (excusing a party's omission as "inadvertent").

3

1  circumstances which prevented or rendered him unable to prosecute [his case].” *Lal v. Cal.*, 610
2  F.3d 518, 524 (9th Cir. 2010) (internal quotation omitted); *see also Ackermann v. U.S.*, 340 U.S.
3  193, 203 (1950). If the claim underlying the Rule 60(b)(6) motion can be "fairly or logically
4  classified as mere neglect,” relief is not appropriate. *Klapprott v. U.S.*, 335 U.S. 601, 613 (1949).

## III.   DISCUSSION

### A.   Rule 60(b) Cannot Provide Relief that Alters the Underlying Substantive Law

The Court must first address Defendant's threshold argument that Rule 60(b) cannot revive claims that are time-barred. If Rule 60(b) cannot revive time-barred claims, then it does not matter whether the Court finds excusable neglect on behalf of Plaintiff's counsel or the clerk of the state court. In support of that position, Defendant distinguishes between cases in which claims *would be* time-barred if the court were not to excuse a missed litigation deadline and cases in which claims are *already* time-barred because the plaintiff did not timely file her complaint. For the former category of cases, precedent makes clear that relief may be appropriate under Rule 60(b). But for the latter category, relief may be appropriate only under the doctrine of equitable tolling.

The Court finds Defendant's argument persuasive. There are a plethora of cases that consider whether to provide relief under Rule 60(b) where a party misses a litigation deadline because of the neglect of a party or her counsel. One common situation is where a defendant fails to answer the complaint and a default judgment is entered against it. *E.g.*, *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). Another common situation is where a plaintiff fails to serve the defendant with the complaint and summons within the 120-day window provided under Federal Rule of Civil Procedure 4(m). *E.g., Lemoge*, 587 F.3d at 1195-98. The unifying thread in all of these cases is that the issue before the court was whether to provide relief to a party for missing a deadline set by the Federal Rules of Civil Procedure or by the court itself. These cases do not purport to offer relief from deadlines set by substantive law.

Whether Rule 60(b) may provide relief from a deadline set by substantive law, such as a statute of limitations, is the question now squarely before the Court. Plaintiff does not cite, and the Court could not locate, any authority that answers that question in the affirmative. The text of

4

Rule 60(b) does not provide an answer either way.  Given this ambiguity, the Court looks to the Advisory Committee's Notes to Rule 60(b) for guidance.  *See U.S. v. Vonn*, 535 U.S. 55, 64 n.6 (2002) ("In the absence of clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a Rule[.]"); *Republic of Ecuador v. Mackey*, 742 F.3d 860, 865 (9th Cir. 2014) ("As the explanatory notes are contemporaneously drafted by the same entity charged with drafting the rules, they are a particularly reliable indicator of legislative intent.").  The Notes provide: "Rule 60(b) does not assume to define the substantive law as to the grounds for vacating judgments, but merely prescribes the practice in proceedings to obtain relief."  Fed. R. Civ. P. 60 advisory committee's note (1946 amendments).  This language supports Defendant's contention that Rule 60(b) cannot excuse a missed deadline that is supplied by the substantive law underlying the judgment at issue as opposed to a procedural deadline.  If Rule 60(b) could expand a limitations period for equitable considerations, it would impermissibly supply the "substantive law as to the grounds for vacating [the] judgment[.]"

The Ninth Circuit also provides support for this interpretation of Rule 60(b).  In *Lemoge*, as discussed above, the court considered whether to provide the plaintiffs with relief under Rule 60(b) where their counsel became ill and failed to timely serve the defendant with the complaint and summons under Rule 4(m).  587 F.3d at 1190-91.  As part of its analysis, the court considered whether it was allowed to factor into its equitable analysis under Rule 60(b) the prejudice to the movant if relief were denied.  587 F.3d at 1195.  In that case, plaintiffs would "suffer the ultimate prejudice absent relief because the statute of limitations on their claim has run."  *Id.* at 1196.  The court, in concluding that it could consider that prejudice to the plaintiffs, stated:

> It is worth noting that there is always prejudice to a movant whenever an untimely complaint is rejected, as for example when that is required by a *statute of limitations*. In such a case, *the established law* reflects a balance between the needs of society for dispute resolution in a specified period and the needs of parties for justice, and *lateness cannot be excused* merely because the movant is prejudiced. However, unlike a statute-of-limitations standard, the standard for permissibly expanding the period for service under Rule 4(m) has embedded within it a concern for prejudice to the movant.

*Id.* at 1195 (emphasis added).  This dictum in *Lemoge* supports the proposition that Rule 60(b) cannot excuse lateness under a statute-of-limitations deadline because, unlike a deadline set by the

5

Federal Rules of Civil Procedure, it reflects a substantive policy decision about inflicting "ultimate prejudice."

In this case, California substantive law supplies the statute of limitations for filing FEHA actions after service of an EEOC right-to-sue letter. Cal. Gov't Code §§ 12960, 12965; *see also* 42 U.S.C. § 2000e-(5)(f)(1) (incorporated by reference into FEHA's statute of limitations scheme). California substantive law further provides that equitable tolling is the only mechanism for relief in the event that a plaintiff fails to meet the limitations deadline. *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416 (2013). Rule 60(b) cannot alter this substantive scheme. If Plaintiff wanted to seek relief for her untimeliness, she should have argued in her summary judgment opposition that her counsel's and/or the state court's alleged conduct warranted equitable tolling under the controlling substantive law. She did not and cannot now do so through the vehicle of Rule 60(b).

### B.   A Motion for Reconsideration of the MSJ Order is the Appropriate Avenue for Raising Plaintiff's New Argument

In light of the analysis above, the Court would entertain a motion from Plaintiff for leave to file a motion for reconsideration of the MSJ Order on the basis that "a material difference in fact . . . exists from that which was presented to the Court before entry of the [MSJ Order]." *See* N.D. Cal. Civil L.R. 7-9. The materials that Plaintiff submitted with her reply tend to show that the San Francisco Superior Court did not mark as "received" and timely file her complaint, despite actual receipt. *See* Dkt. No. 91-1 ¶ 1 & Exs. 6-7 (FedEx tracking document and receipt showing Plaintiff's counsel shipped a document with reference to "McCullough/Gunther" to the San Francisco Superior Court on June 19, 2013, several days before the limitations period ended).

To be clear, the Court is not now granting Plaintiff leave to file a motion for reconsideration of the MSJ Order. Instead, Plaintiff may move for leave to file. If she does so, she will have the burden of presenting facts establishing that (1) the Superior Court, rather than Plaintiff's counsel, was apparently responsible for Plaintiff's complaint not being filed on time; and (2) Plaintiff and her counsel exercised "reasonable diligence," but still did not know these relevant facts at the time the Court ruled on the summary judgment motion. *See* N.D. Cal. Civil

1 L.R. 7-9(b)(1). Under N.D. Cal. Civil Local Rule 7-9(d), no response to the motion for leave may be filed unless ordered by the Court. If Plaintiff seeks and the Court grants leave to file, Defendant will have the opportunity to oppose the motion for reconsideration.

Because this Order may occasion further motions practice in advance of the pretrial conference and trial dates (currently set for December 15, 2015 at 3:00 p.m. and January 11, 2016 at 8:30 a.m., respectively), the Court VACATES those dates. All deadlines triggered by the pretrial and trial dates under the Court's Civil Pretrial and Trial Standing Order are also vacated. The parties are ORDERED to appear at a status conference on December 22, 2015, at 2:00p.m., at which the Court and the parties will discuss the case schedule going forward.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for Rule 60(b) relief is DENIED, the pretrial and trial dates are VACATED, and a further status conference is scheduled for December 22, 2015, at 2:00p.m.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge