UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAKEENAH MCCULLOUGH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION,<br><br>    Defendant. | Case No. 13-cv-04596-HSG<br><br>**ORDER DENYING MOTION FOR SEPARATE TRIALS**<br><br>Re: Dkt. No. 84 |

Before the Court is Defendant Xerox Corporation's ("Xerox") Motion for Separate Trials under Federal Rule of Civil Procedure 42(b). Dkt. No. 84 ("Mot."). Xerox requests that the Court conduct two different jury trials to separately consider the causes of action brought by Plaintiff Sakeenah McCullough ("McCullough") and Plaintiff Daniel Gunther ("Gunther") (collectively, "Plaintiffs") to avoid the risk of undue prejudice to itself, reduce the risk of juror confusion that may result from a single jury trial, and promote expediency and judicial economy.

Pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), the Court deems this motion suitable for disposition without oral argument and hereby VACATES the hearing currently set for December 10, 2015, at 2:00pm. The Court has carefully considered the parties' written submissions and hereby DENIES Xerox's motion for separate trials.

**I.  BACKGROUND**

Xerox removed this action from San Francisco Superior Court on October 4, 2013. Dkt. No 1. Plaintiffs each asserted causes of action under the Fair Employment and Housing Act (Cal. Gov't Code § 12920, *et seq.*) ("FEHA") for unlawful race discrimination, unlawful retaliation, and declaratory relief, as well as common law causes of action for wrongful termination as against public policy. Dkt. No. 1 at 11-18. McCullough alone asserted causes of action under FEHA and common law regarding disability discrimination. *Id.* at 19-24. Plaintiffs sought compensatory and

punitive damages, reinstatement, injunctive relief, and attorneys' fees and costs. *Id.* at 24-26.

Xerox then moved to sever McCullough's causes of action from Gunther's causes of action under Federal Rule of Civil Procedure 21. Dkt. No. 16. The Court denied that misjoinder motion on the grounds that Plaintiffs' causes of action arose out of a series of occurrences or transactions that brought to bear common questions of law and fact. Dkt. No. 27.

On the record before it at that time, the Court found a litany of reasons why severance was inappropriate. Specifically: (1) Plaintiffs were both employed as sales representatives for Xerox; (2) both complained that their sales territories were unfairly altered; (3) both complained that they were held to sales quotas that were disproportionate to their white co-workers; (4) both alleged that they were placed on performance-improvement plans; (5) both alleged that Regional Vice President Julie Hogan played a significant role in administering their performance-improvement plans and in ultimately approving their terminations; and (6) both brought claims for employment discrimination based on their race and for retaliation for participating in a race-discrimination class action. *Id.* at 2. Defendant disputed the significance of Ms. Hogan's participation in the Plaintiffs' employment-related issues and argued that their employment with Xerox did not share common questions of law or fact. *Id.* at 2-3. The Court disagreed, noting that Plaintiffs intended to seek to admit evidence of the other's causes of action even if severed. *Id.* at 3.[1]

After the parties completed discovery, Xerox filed separate motions for summary judgment against McCullough and Gunther. Dkt. Nos. 41 & 45. On October 2, 2015, the Court granted in part and denied in part each motion. Dkt. Nos. 73-74. With regard to McCullough, the Court found that her causes of action under FEHA were time-barred, but that triable disputes existed as to her common-law causes of action for race- and disability-based discrimination and retaliation. Dkt. No. 74. With regard to Gunther, the Court found that some of his causes of action under FEHA were time-barred and that his retaliation cause of action was abandoned, but that triable disputes existed as to his race-based discrimination causes of action under both FEHA and the common law. Dkt. No. 73. For Plaintiffs' remaining causes of action for race-based employment

---

[1] The Court explicitly considered the fact that Ms. McCullough alone brought a claim for disability discrimination, but found that difference to be insufficient to warrant severance. *Id.*

2

discrimination, the Court found that each Plaintiff created triable disputes because there was sufficient evidence to show disparate treatment from their white co-workers in (1) how their sales territories were constituted, (2) why they were placed, supervised, and kept on probation (*e.g.*, their "communication style" with clients), and (3) why they were ultimately terminated. Dkt. No. 74 at 3-6, 18-19; Dkt. No. 73 at 5-6, 15-16. The evidence that the Court relied upon to make those findings came from many of the same witnesses at Xerox, including Julie Hogan, Brian Conville, and Aaron Hunt. And the Court noted that the same legal test applied to each type of employment-discrimination cause of action, whether alleged under FEHA or the common law, and whether race- or disability-based. *See* Dkt. No. 73 at 11, 17 (the same factors control Gunther's FEHA and common law causes of action for employment discrimination); Dkt No. 74 at 14-15 (those same factors also apply to McCullough's common law causes of action).

Shortly after the summary judgment rulings, Xerox filed the instant motion. Xerox points to various pieces of the evidentiary record to contend that there are substantial differences between the facts that underlie McCullough's and Gunther's causes of action. Mot. at 1-6. Xerox also argues that there will be little, if any, cross-admissibility of the evidence. *Id.* at 17-18. Plaintiffs respond that they are entitled to present evidence of discrimination that is applicable to both of their causes of action and that two trials would require a vast duplication of efforts. Dkt. No. 88.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The Court has "broad authority" under Rule 42(b) to separate parties, claims, and issues. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). In fact, one leading treatise has noted that, "Rule 42(b) . . . giv[es] the district court virtually unlimited freedom to try the issues in whatever way trial convenience requires." Charles A. Wright, *et al.*, 9A Federal Practice & Procedure (Trials) § 2387 (3d ed. rev. 2015).

## III. DISCUSSION

The Court exercises its broad discretion under Rule 42(b) and denies Xerox's motion for

separate trials. Separating Plaintiffs' causes of action into two trials would create inconvenience without benefit. Unlike cases where bifurcation might potentially avoid unnecessary proceedings (*e.g.,* where a plaintiff alleges Section 1983 claims against individual actors and derivative claims against a municipality), there is no chance of creating any judicial economies under Xerox's plan. By necessarily empaneling two separate juries, there is only a risk of duplication and waste of judicial and public resources.

Conversely, by declining to separate Plaintiffs' cases into two trials, the Court achieves many economies that will benefit the limited time and resources of both the Court and the parties. Plaintiffs largely assert causes of action for employment discrimination that will likely apply the same legal standard under California law. *See City of Moorpark v. Super. Ct.*, 18 Cal. 4th 1143, 1161 (1998) (common-law employment discrimination causes of action apply the same test as FEHA causes of action). Having one jury learn the same legal test and apply it to both Plaintiffs' employment discrimination causes of action achieves an economy of scale. That synergy is heightened by the overlapping nature of Plaintiffs' causes of action. Both Plaintiffs allege that, while they were employed as sales personnel at Xerox, their sales territories were unfairly altered as a result of racial animus. There may be a unifying discriminatory culture that transcends their specific job titles or immediate supervisors. To that effect, and perhaps most compellingly, both Plaintiffs allege that Regional Vice President Julie Hogan, who oversaw both of their immediate supervisors, played a significant role in administering their performance-improvement plans and in approving their terminations. The existence of a single actor who was involved in alleged racial discrimination against both Plaintiffs is sufficient to deny Xerox's motion standing alone. Even Xerox concedes the possibility that six of the declarants supporting summary judgment would testify as to both Plaintiffs' causes of action. *See* Dkt. No. 80 at 4. It would be a tremendous waste of judicial and private resources to require six key witnesses to testify twice about the exact same material, even if only partially so. Xerox's attempt to highlight every perceived granular distinction between McCullough's and Gunther's causes of action[2] fails to

---

[2] Xerox's pervasive use of single-spaced, bullet-pointed text throughout its briefs clearly violates this Court's local rules. *See* N.D. Cal. Civil L.R. 3-4(c) & 7. Xerox's summary judgment briefs

grasp that no facts have yet been established in this case. As Plaintiff correctly points out, "summary judgment is not trial." Dkt. No. 88 at 1.

Having concluded that a joint trial will create substantial efficiencies, the Court considers Xerox's claim that it will suffer prejudice if one jury hears both Plaintiffs' causes of action at the same time and that holding separate trials is the only way to "address[] the reversible error that is sure to flow from [] unavoidable jury confusion[.]" Mot. at 7. The Court disagrees: Xerox has come nowhere close to showing a risk of prejudice sufficient to overcome the efficiencies discussed above. In some circumstances, Plaintiffs may even be entitled to cross-apply admissible evidence between their causes of action. And, in any case, Xerox may submit motions in limine for limiting instructions at the appropriate time. No error, reversible or otherwise, will result from a joint trial.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Xerox's motion for separate trials under Rule 42(b).

**IT IS SO ORDERED.**

Dated: November 17, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

contained equally pervasive violations of those rules. Xerox and its counsel are warned, for the first and last time, that any further substantial noncompliance with the local rules regarding the formatting of briefs, such as single-spacing its arguments in pages-long blocks of text or greatly exceeding the page limit, will result in the Court striking its briefs in their entirety and imposing other appropriate sanctions. N.D. Cal. Civil L.R. 1-4 (penalties and sanctions for noncompliance).