UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAKEENAH MCCULLOUGH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION,<br><br>Defendant. | Case No. 13-cv-04596-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 98 |

Plaintiff Sakeenah McCullough ("Plaintiff") has filed a motion for leave to file a motion for reconsideration, Dkt. No. 98, of the Court's October 2, 2015, order granting in part and denying in part Defendant Xerox Corporation's ("Defendant's") motion for summary judgment, Dkt. No. 73 ("MSJ Order"). Having considered Plaintiff's motion and her counsel's supporting declaration, Dkt. No. 98-1 ("Riles Decl."), the Court hereby **DENIES** the motion.

The Court will not repeat the full underlying facts and procedural posture of this motion, but instead refers the parties to its previous order denying Plaintiff relief from the MSJ Order under Federal Rule of Civil Procedure 60(b). Dkt. No. 92. In that order, the Court noted that although Rule 60(b) was an improper vehicle to challenge the MSJ Order, the facts underlying that motion might be properly presented to the Court in a reconsideration motion, but only to the extent that Plaintiff could show leave to file a reconsideration motion was warranted. *Id.* at 5-6. Plaintiff has not done so.

As relevant here, Civil Local Rule 7-9(a) requires that a party seeking reconsideration of an interlocutory order obtain leave of the Court to file a reconsideration motion. N.D. Cal. Civ. L.R. 7-9(a). To obtain such leave, a movant must show "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." *Id.* 7-9(b). The key qualification

to that standard, however, is that "[t]he party also must show that in the exercise of *reasonable diligence* the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." *Id.* (emphasis added). The "reasonable diligence" requirement is critical, because otherwise a party could unreasonably omit material facts from its moving papers, receive an order from the Court that relied on the omission, then demand reconsideration because it later realized its error, all resulting in a tremendous waste of the Court's and the parties' time and resources.

Plaintiff's motion for leave makes plain that this is the exact situation now facing the Court. The declaration filed by Plaintiff's counsel conclusively establishes that she did not exercise reasonable diligence in failing to discover and present the facts on which she now relies before the Court issued its summary judgment order in October 2015. As an initial matter, counsel apparently has known the key fact—that she sent the complaint, or had it sent, to the San Francisco Superior Court by Federal Express on a certain date—all along. This fact involving her own conduct was within her personal knowledge at all times, whether or not she remembered it prior to the issuance of the Court's summary judgment order. This is not an instance, for example, in which counsel later discovered evidence that was in someone else's sole possession at the relevant time.

Further, even giving counsel the benefit of the doubt and assuming her failure to remember her own actions would not in and of itself defeat a showing of reasonable diligence, counsel does not dispute that her "costs file for Plaintiff McCullough," in which she eventually found the receipt that jogged her memory, was in her custody and control at all relevant times. Riles Decl. ¶ 6. Given counsel's knowledge as early as December 2014 that Defendant planned to move for summary judgment on statute of limitations grounds, *id.* ¶ 5, there is no reasonable explanation for counsel's failure to identify and check *all* of her McCullough files potentially relevant to this issue, including the "costs file." Counsel's acknowledgment that she checked the "costs file" when preparing a *reply brief* in November 2015, even though she thought (for reasons not clear to the Court) that it was a "real long-shot" that relevant materials might be there, *id.* ¶ 6, confirms that the reasonably diligent course would have been to look there much earlier, and is fatal to

1 Plaintiff's request for leave to seek reconsideration.  Given the obvious prominence of the statute of limitations issue in the summary judgment briefing and argument, reasonable diligence at a minimum required counsel to review all easily accessible files in which relevant evidence might be located before filing her opposition to Defendant's motion for summary judgment on April 3, 2015, or at the latest over the subsequent months between that filing and the Court's issuance of its order.

Because Plaintiff cannot show "that in the exercise of reasonable diligence" she and her counsel did not learn on or before October 2, 2015 the facts regarding the transmittal of the complaint to the Superior Court via Federal Express, the requirements of Local Rule 7-9 are not satisfied here.  Plaintiff's motion for leave is accordingly **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 3, 2015

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge